1  MITCHELL + COMPANY
   Brian E. Mitchell (SBN 190095)
2  *brian.mitchell@mcolawoffices.com*
   Marcel F. De Armas (SBN 289282)
3  *mdearmas@mcolawoffices.com*
   4 Embarcadero Center, Suite 1400
4  San Francisco, CA 94111
   Telephone: (415) 766-3514
5  Facsimile: (415) 402-0058

6  Attorneys for Plaintiff
   TATCHA LLC
7

8              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
9              **SAN FRANCISCO DIVISION**

10

11 | TATCHA LLC,                    | Case No. 3:16-cv-04831
12 |            Plaintiff,          | **COMPLAINT FOR (1) DECLARATORY JUDGMENT OF INVALIDITY AND (2) DECLARATORY JUDGMENT OF NON-INFRINGEMENT of U.S. PATENT NOS. 6,289,319 & 7,010,508**
13 |     v.                         |
14 | LANDMARK TECHNOLOGY LCC,       |
15 |            Defendant.          | **JURY TRIAL DEMANDED**

DECLARATORY JUDGMENT COMPLAINT          -1-                    CASE NO. 3:16-cv-04831

Plaintiff Tatcha, LLC ("Plaintiff" or "Tatcha") files this Complaint for Declaratory Judgment of Non-Infringement and Declaratory Judgment of Invalidity of U.S. Patents Nos. 6,289,319 (the '319 Patent) and 7,010,508 (the '508 Patent) (collectively the "Patents-in-Suit") against Defendant Landmark Technology, LLC, stating as follows:

## THE PARTIES

1. Plaintiff Tatcha is a Delaware limited liability company headquartered in San Francisco, California.

2. On information and belief, Defendant Landmark Technology LLC ("Landmark Technology") is a Delaware limited liability company and having its principal place of business at 329 Laurel Street, San Diego, California 92102.

## JURISDICTION AND VENUE

3. This Complaint arises under federal law. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1338 because the Complaint states claims arising under an Act of Congress relating to patents, 35 U.S.C. § 271.

4. This Complaint also arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* based on Defendants' threats to sue Plaintiff for patent infringement, thereby giving rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

5. This Court has personal jurisdiction over Landmark Technology. Upon information and belief, Landmark Technology conducts substantial business in this judicial district, including regularly doing or soliciting business, engaging in other persistent courses of conduct and deriving substantial revenue from individuals and entities in California.

6. More specifically, since January 2012, Landmark Technology has been involved in 91 lawsuits asserting the patents-in-suit, of which 4 suits, excluding this one, have been or are being litigated in California.

7. On information and belief, Landmark Technology has sent letters to numerous other companies, including numerous other companies based in California, asserting infringement of the patents-in-suit and demanding payment of money.

8.     On information and belief Landmark Technology was "formerly known as PanIP, LLC." As such, Landmark Technology was involved in 17 additional lawsuits, 16 of which were in the Southern District of California involving the '319 Patent and other related patents. As "PanIP, LLC," Landmark Technology regularly, continuously, and systematically availed itself of the California federal district courts, and repeatedly used these courts as a preferred forum for asserting the '319 Patent.

9.     On information and belief, as "PanIP, LLC," Landmark Technology has sent letters to numerous companies, including companies based on California, asserting infringement of one or more of the patents-in-suit and demanding payment of money.

10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## FACTUAL BACKGROUND

**A. The Patents-in-suit**

11.    On September 11, 2001, U.S. Patent No. 6,289,319 (the "'319 Patent"), entitled Automatic Business and Financial Transaction Processing System, was issued.

12.    The '319 Patent is directed to an automatic data processing system for processing business and financial transactions between entries from remote sites.

13.    Subsequently, the '319 Patent went through two *Ex Parte* Reexaminations during which 22 new dependent claims were added. Certificates for the Ex Parte Reexaminations Issued on July 17, 2007 and January 9, 2013.

14.    As a representative claim, Claim 1 of the '319 Patent claims as follows:

> 1. An automatic data processing system for processing business and financial transactions between entities from remote sites which comprises:
>
> ***a central processor programmed and connected to process a variety of inquiries and orders*** transmitted from said remote sites;
>
> ***said central processor including:***
>
> ***means for receiving information*** about said transactions from said remote sites;

*means for retrievably storing* said information;

at least one terminal at each of said remote sites including a data processor and operational sequencing lists of program instructions;

*means for remotely linking said terminal to said central processor and for transmitting data back and forth between said central processor and said terminal;*

said terminal further comprising *means for dispensing* information and services for at least one of said entities including:

a video screen;

*means for holding operational data* including programing, informing, and inquiring sequences of data;

*means for manually entering* information;

*means for storing information, inquiries and orders* for said transactions entered by one of said entities via said means for manually entering information, and data received through and from said central processor;

*on-line means for transmitting* said information, inquiries, and orders *to said central processor*;

*on-line means for receiving data* comprising operator-selected information and orders *from said central processor* via said linking means;

*means for outputting* said informing and inquiring sequences on said video screen in accordance with preset routines and in response to data entered through said means for entering information;

*means for controlling* said means for storing, means for outputting, and means for transmitting, including *means for fetching* additional inquiring sequences in response to a plurality of said data entered through said means for entering and in response to information received from said central processor;

said informing sequences including directions for operating said terminal, and for presenting interrelated segments of said operational data describing a plurality of transaction operations;

said programming sequences including *means for interactively controlling* the operation of said video screen, data receiving and transmitting means; and for selectively retrieving said data from said means for storing;

said means for storing comprising means for retaining said operational

DECLARATORY JUDGMENT COMPLAINT         -4-         CASE NO.: 3:16-cv-04831

sequencing list and means responsive to the status of the various means for controlling their operation;

*said central processor further including:*

*means responsive to data received* from one of said terminals for immediately transmitting selected stored information to said terminal; and

*means responsive to an order received* from a terminal for updating data in said means for storing;

whereby said system can be used by said entities, each using one of said terminals to exchange information, and to respond to inquiries and orders instantaneously and over a period of time.

'319 Patent, Claim 1 (emphasis added).

15. In other words, to infringe this means plus function claim, one must at the very least have a central processor programed to process data in a specific manner, such as a web server, and remote site terminals. Tatcha does not infringe Claim 1, or any other claim of the '319 Patent, for at least the following reason: Tatcha does not, and has never, owned or operated a web server or any other such server for managing its business.

16. On March 7, 2006, U.S. Patent No. 7,010,508 (the "'508 Patent"), entitled Automated Multimedia Data Processing Network, was issued.

17. The '508 Patent is directed to an automated multimedia system for data processing.

18. As a representative claim, Claim 8 of the '508 Patent claims as follows:

8. An automated multimedia system for data processing for delivering information on request to at least one user, which comprises:

*at least one computerized station*;

*means for accepting and processing* [a] user's entry according to backward-chaining and forward-chaining sequences, including:

*means for analyzing and for combining* [a] user's entry with a set of stored data, and

*means*, responsive to said means for analyzing and for combining, *for formulating a query and outputting said query* to said user; and
*means for delivering information* to said user.

The '508 Patent, Claim 8 (emphasis added).

DECLARATORY JUDGMENT COMPLAINT         -5-         CASE NO.: 3:16-cv-04831

19. In other words, to infringe this means plus function claim, one must at the very least have a computerized station for data processing which delivers information on request to at least one user, also known as a server. Tatcha does not infringe Claim 8, or any other claim of the '508 Patent, for at least the following reason: Tatcha does not, and has never, owned or operated a web server or any other such server for managing its business.

**B. Tatcha's Website and other Third Party Servers and Systems**

20. Tatcha is a luxury skincare company that sells skincare products. It is headquartered in San Francisco, California.

21. Tatcha markets and sells its products online through its website www.tatcha.com and ships products all over the world. Tatcha customers are located throughout the United States, including the San Francisco Bay Area

22. When a customer visits Tatcha's website, they access web servers hosted by Amazon Web Services. Tatcha has never owned, operated, or hosted its own web servers.

23. Tatcha has never owned, operated, or hosted its own servers for managing its business. In fact, Third Parties host and manage all of Tatcha's internal systems.

24. Examples of Tatcha's contracting with Third Parties to manage certain aspects of the business that would require servers include: Gmail for email and calendaring; Box.com for file management and sharing; NetSuite for ERP; and Zenefits for HR administration.

25. Tatcha does not host or operate any of its own servers and it does not maintain terminals at remote sites.

**C. Landmark Technology's Multiple Letters Threatening Tatcha with Litigation**

26. Upon information and belief, Landmark Technology is in the business of patent licensing through the threat of litigation.

27. Upon information and belief, a key part of Landmark Technology's business model is sending letters threatening patent litigation and following through on that threat.

28. On or about May 13, 2016, Landmark Technology sent a letter (the "First Landmark Letter") to Victoria Tsia, Tatcha's CEO, asserting that Tatcha infringes the '319 Patent, and claims that "the specific functionalities implemented by Tatcha using [Tatcha's] servers and

devices interfaced to Tatcha's web servers constitutes use of the technology taught within the meaning of Claim 1 of the '319 patent." A true and correct copy of the First Landmark Letter is attached as Exhibit A.

29. The letter concludes with an offer for a non-exclusive license to Landmark's patent portfolio, which includes the '319 and '508 Patents, in exchange for $38,000.

30. On or about July 21, 2016, Landmark Technology sent a second letter (the "Second Landmark Letter") to Ms. Tsai saying the prior offer had elapsed and offering a non-exclusive license to its patent portfolio, which includes the '319 and '508 Patents, in exchange for $55,000. The offer in the Second Landmark Letter expires on August 31, 2016. A true and correct copy of the Second Landmark Letter is attached as Exhibit B.

31. The basis for Landmark Technology's claims of patent infringement against Tatcha is a mistaken belief that Tatcha owns, operates, and hosts its own web servers. Landmark has not indicated that Tatcha has contracted with Third Party Vendors for managing every aspect of its business that requires a server.

**D. Landmark Technology's Patent Portfolio**

32. The Landmark Technology Patent Portfolio includes, but is not necessarily limited to, U.S. Patent Nos. 6,239,319 and 7,010,508.

<u>COUNT I – DECLARATION OF INVALIDITY</u>
(U.S. Patent No. 6,289,319)

33. Tatcha restates and incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Landmark Technology claims to have exclusive rights, title, and interest to the '319 Patent.

35. Landmark Technology has demanded that Tatcha take a license to the '319 Patent.

36. A substantial, immediate, and real controversy therefore exists between Tatcha and Landmark Technology regarding whether the claims of the '319 Patent are valid.

37. The claims of the '319 Patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.

38. The claims of the '319 Patent do not constitute patentable subject matter pursuant to 35 U.S.C. § 101, and therefore are an invalid patent on an abstract idea. The '319 Patent claims the abstract idea of automated data processing of business transactions. Nothing in the claims, "transform the nature of the claims" into patent eligible subject matter. *Mayo Collaborative Services v. Prometheus Labs., Inc.*, 566 U.S. 10 (2012). Furthermore, "[t]he mere visitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

39. Additionally, the '319 Patent is invalid as anticipated pursuant to § 102 or as obvious pursuant to § 103. Prior art that renders the '319 Patent anticipated and/or obvious includes, but is not necessarily limited to:

- U.S. Patent No. 4,994,964 (Wolfberg); and
- U.S. Patent No. 6,105,007 (Norris);

40. The claims of '319 Patent are invalid because the specification does not provide any structure for the numerous means plus function clauses recited in the claims other than generic computer parts.

41. Based on Landmark Technology's letter, its threat of litigation for patent infringement, its pattern of litigation, and Tatcha's denial of infringement, an actual case or controversy exists as to whether Tatcha infringes any valid claim of the '319 Patent, and Tatcha is entitled to a declaration that the claims of the '319 Patent are invalid.

### COUNT II – DECLARATION OF NON-INFRINGEMENT
(U.S. Patent No. 6,289,319)

42. Tatcha restates and incorporates by reference the allegations in paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Landmark Technology claims to have exclusive rights, title, and interest in the '319 Patent.

44. Landmark Technology has demanded that Tatcha take a license to the '319 Patent.

45. Based on Landmark Technology's letters, its accusations of patent infringement, its pattern of litigation, and Tatcha's denial of infringement, a substantial, immediate, and real controversy exists between Tatcha and Landmark Technology regarding whether Tatcha directly or indirectly infringes or has infringed the '319 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '319 Patent.

46. Tatcha seeks a judgment declaring that Tatcha does not directly or indirectly infringe any claim of the '319 Patent.

### COUNT III – DECLARATION OF INVALIDITY
(U.S. Patent No. 7,010,508)

47. Tatcha restates and incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

48. Landmark Technology claims to have exclusive rights, title, and interest to the '508 Patent.

49. Landmark Technology has demanded that Tatcha take a license to the '508 Patent.

50. A substantial, immediate, and real controversy therefore exists between Tatcha and Landmark Technology regarding whether the claims of the '508 Patent are valid.

51. The claims of the '508 Patent are invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.

52. The claims of the '508 Patent do not constitute patentable subject matter pursuant to 35 U.S.C. § 101, and therefore are an invalid patent on an abstract idea. The '508 Patent claims the abstract idea of automated multimedia data processing for business transactions. Nothing in the claims, "transform the nature of the claims" into patent eligible subject matter. *Mayo Collaborative Services v. Prometheus Labs., Inc.*, 566 U.S. 10 (2012). Furthermore, "[t]he mere visitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

53. Additionally, the '508 Patent is invalid as anticipated pursuant to § 102 or as obvious pursuant to § 103. Prior art that renders the '508 Patent anticipated and/or obvious includes, but is not necessarily limited to:

- U.S. Patent No. 4,994,964 (Wolfberg); and
- U.S. Patent No. 6,105,007 (Norris);

54. The claims of '508 Patent are invalid because the specification does not provide any structure for the numerous means plus function clauses recited in the claims other than generic computer parts.

55. Based on Landmark Technology's letter, its threat of litigation for patent infringement, its pattern of litigation and strategy of asserting less than all its patents to which it offers a license, and Tatcha's denial of infringement, an actual case or controversy exists as to whether Tatcha infringes any valid claim of the '508 Patent, and Tatcha is entitled to a declaration that the claims of the '508 Patent are invalid.

### COUNT IV – DECLARATION OF NON-INFRINGEMENT
(U.S. Patent No. 7,010,508)

56. Tatcha restates and incorporates by reference the allegations in paragraphs 1 through 32 and 47 to 55 of this Complaint as if fully set forth herein.

57. Landmark Technology claims to have exclusive rights, title, and interest in the '508 Patent.

58. Landmark Technology has demanded that Tatcha take a license to the '508 Patent.

59. Based on Landmark Technology's letters, its accusations of patent infringement, its pattern of litigation, including its strategy of asserting less than all its patents in its patent portfolio for which it offers a license, and Tatcha's denial of infringement, a substantial, immediate, and real controversy exists between Tatcha and Landmark Technology regarding whether Tatcha directly or indirectly infringes or has infringed the '508Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '508 Patent.

60. Tatcha seeks a judgment declaring that Tatcha does not directly or indirectly infringe any claim of the '508 Patent.

# PRAYER FOR RELIEF

WHEREFORE, Tatcha respectfully prays for the following relief:

A. A declaration that Tatcha's services, systems, and practices do not infringe the '319 and '508 Patents;

B. A declaration that '319 and '508 Patents are invalid;

C. A determination that this is an exceptional case and an award of all costs and attorneys' fees to Tatcha;

D. That Tatcha be awarded its costs of suit, and pre- and post-judgment interest on any money amount; and

E. Any other relief as this Court deems just and proper.

Dated: August 22, 2016                     Respectfully submitted,

                                           /s/ Brian E. Mitchell
                                           Brian E. Mitchell

                                           Brian E. Mitchell
                                           Marcel F. De Armas
                                           MITCHELL + COMPANY
                                           4 Embarcadero Center, Suite 1400
                                           San Francisco, CA 94111
                                           Telephone:   (415) 766-3515
                                           Facsimile:   (415) 402-0058
                                           brian.mitchell@mcolawoffices.com
                                           mdearmas@mcolawoffices.com

                                           Attorneys for Plaintiff
                                           TATCHA, LLC

1
### DEMAND FOR JURY TRIAL

2
Plaintiff demands a jury trial on all claims as to which it has a right to a jury.

3

4
Dated: August 22, 2016                                          Respectfully submitted,

5
                                                                */s/ Brian E. Mitchell*
                                                                Brian E. Mitchell
6

7                                                               Brian E. Mitchell
                                                                Marcel F. De Armas
8                                                               MITCHELL + COMPANY
                                                                4 Embarcadero Center, Suite 1400
9                                                               San Francisco, CA 94111
                                                                Telephone:   (415) 766-3515
10                                                              Facsimile:   (415) 402-0058
                                                                brian.mitchell@mcolawoffices.com
11                                                              mdearmas@mcolawoffices.com

12
                                                                Attorneys for Plaintiff
13                                                              TATCHA, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATORY JUDGMENT COMPLAINT            -12-                  CASE NO.: 3:16-cv-04831